IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: INTRAMTA SWITCHED ACCESS CHARGES LITIGATION | § § § § | Civil Action No. 3:14-MD-2587-D (MDL No. 2587) |
| THIS DOCUMENT RELATES TO CIVIL ACTION NOS. | § § § | |
| 3:14-CV-1724-D; 3:14-CV-3210-D; | § | |
| 3:14-CV-4418-D; 3:14-CV-4420-D; | § | |
| 3:14-CV-4422-D; 3:14-CV-4423-D; | § | |
| 3:14-CV-4424-D; 3:14-CV-4425-D; | § | |
| 3:14-CV-4426-D; 3:14-CV-4427-D; | § | |
| 3:14-CV-4428-D; 3:14-CV-4429-D; | § | |
| 3:14-CV-4430-D; 3:14-CV-4433-D; | § | |
| 3:14-CV-4445-D; 3:14-CV-4446-D; | § | |
| 3:14-CV-4447-D; 3:14-CV-4460-D; | § | |
| 3:14-CV-4469-D; 3:14-CV-4470-D; | § | |
| 3:14-CV-4472-D; 3:14-CV-4473-D; | § | |
| 3:14-CV-4474-D; 3:14-CV-4546-D; | § | |
| 3:14-CV-4547-D; 3:14-CV-4561-D; | § | |
| 3:14-CV-4564-D; 3:14-CV-4573-D; | § | |
| 3:14-CV-4574-D; 3:14-CV-4577-D; | § | |
| 3:14-CV-4579-D; 3:14-CV-4580-D; | § | |
| 3:14-CV-4581-D; 3:15-CV-0019-D; | § | |
| 3:15-CV-0020-D; 3:15-CV-0021-D; | § | |
| 3:15-CV-0023-D; 3:15-CV-0033-D; | § | |
| 3:15-CV-0034-D; 3:15-CV-0035-D; | § | |
| 3:15-CV-0036-D; 3:15-CV-0040-D; | § | |
| 3:15-CV-0044-D; 3:15-CV-0045-D; | § | |
| 3:15-CV-0066-D; 3:15-CV-0078-D; | § | |
| 3:15-CV-0114-D; 3:15-CV-0115-D; | § | |
| 3:15-CV-0116-D; 3:15-CV-0137-D; | § | |
| 3:15-CV-0142-D; 3:15-CV-0198-D; | § | |
| 3:15-CV-0228-D; 3:15-CV-0260-D; | § | |
| 3:15-CV-0563-D; 3:15-CV-0705-D; | § | |
| 3:15-CV-0931-D; 3:15-CV-1040-D; | § | |
| 3:15-CV-1041-D; 3:15-CV-1052-D; | § | |
| 3:15-CV-1053-D; 3:15-CV-1069-D; | § | |

| | |
|---|---|
| 3:15-CV-1070-D; 3:15-CV-1071-D; | § |
| 3:15-CV-1102-D; 3:15-CV-1177-D; | § |
| 3:16-CV-0361-D; 3:16-CV-0974-D; | § |
| 3:16-CV-0975-D; 3:16-CV-0977-D; | § |
| 3:16-CV-0979-D; 3:16-CV-0989-D; | § |
| 3:16-CV-0990-D; 3:16-CV-1010-D; | § |
| 3:16-CV-1105-D; 3:16-CV-1119-D; | § |
| 3:16-CV-1122-D; 3:16-CV-1126-D; | § |
| 3:16-CV-1443-D; 3:16-CV-1626-D; | § |
| 3:16-CV-1893-D; 3:16-CV-1985-D; | § |
| 3:16-CV-2210-D; 3:16-CV-2923-D; | § |
| and 4:16-CV-0302-D. | § |

MEMORANDUM OPINION
AND ORDER

In these MDL proceedings, the court decides three pending motions for summary judgment under an abbreviated summary judgment procedure that is appropriate under the circumstances to facilitate an appeal of the court's case-dispositive decision in *In re IntraMTA Switched Access Charges Litigation*, 2015 WL 7252948 (N.D. Tex. Nov. 17, 2015) (Fitzwater, J.) ("*IntraMTA I*"). Concluding that the movants have established beyond peradventure that they are entitled to summary judgment, the court grants their motions and orders that the parties submit proposed final judgments under the procedure previously prescribed by court order.

I

Because these MDL cases are the subject of several prior memorandum opinions and orders, *see, e.g., In re IntraMTA Switched Access Charges Litigation*, 2017 WL 1078522 (N.D. Tex. Mar. 22, 2017) (Fitzwater, J.) ("*IntraMTA II*"); *IntraMTA I*, 2015 WL 7252948, the court will recount only the background facts and procedural history that are pertinent to

this decision.

These MDL proceedings principally present the question whether local exchange carriers ("LECs") can charge interexchange carriers ("IXCs") access fees for the services that the LECs provide the IXCs to enable them to exchange interstate wireless intraMTA calls—that is, interstate wireless calls that originate and terminate within the same Major Trading Area ("MTA"). In *IntraMTA I* the court dismissed the IXCs's claims against the LECs, holding that the LECs's filed federal tariffs were not contrary to law, and, accordingly, were enforceable under the "filed rate doctrine." *IntraMTA I*, 2015 WL 7252948, at *4, 14. The court "h[eld] that [the LECs] are entitled to rely on the filed rate doctrine because it is lawful under federal law to charge IXCs access fees for access services that the LECs provide to enable the IXCs to exchange interstate wireless intraMTA calls." *Id.* at *14.

After the court dismissed the IXCs's claims in *IntraMTA I*,[1] it granted leave to the defendants-counterplaintiffs LECs to file counterclaims against the IXCs for breach of the LECs's federal and state tariffs. In tag-along cases filed by the LECs against Level 3[2] in its capacity as an IXC, the LECs's claims against Level 3 remain pending after the court denied

---

[1] In *IntraMTA I* the court granted the IXCs leave to replead their state-law claims. *IntraMTA I*, 2015 WL 7252948, at *14. Only plaintiff-counterdefendant Sprint Communications Company L.P. ("Sprint") amended its complaints. In *In re IntraMTA Switched Access Charges Litigation*, 2017 WL 1709691 (N.D. Tex. May 3, 2017), the court granted the defendant LECs's motions under Fed. R. Civ. P. 12(b)(6) to dismiss Sprint's re-pleaded state-law claims with prejudice. *Id.* at *6.

[2] "Level 3" refers to defendants Level 3 Communications, LLC and its affiliates in their capacities as IXCs.

Level 3's motion to dismiss in *IntraMTA II*. No final judgments have been entered with respect to the IXCs's claims against the LECs, the LECs's counterclaims against the IXCs, or the LECs's claims against Level 3.

In order to place these cases in a procedural posture that will permit appellate review of the court's decision in *IntraMTA I*, the LECs and IXCs have undertaken steps to resolve the remaining claims and counterclaims through stipulated facts and agreed forms of final judgments. But they have been unable to agree on the question whether the services at issue in this litigation that the LECs provide the IXCs can properly be described as "access services." Accordingly, the LECs have filed the following abbreviated motions for summary judgment: the LECs's joint motion for summary judgment[3]; the LECs's joint motion for summary judgment against Level 3; and certain Minnesota small LECs's joint motion for summary judgment filed in member case No. 3:16-CV-2210-D. The arguments presented in each of these motions and the responses thereto are essentially the same, and, accordingly, the court will address them together.

II

Because the LECs will have the burden of proof at trial on their claims or counterclaims, to be entitled to summary judgment, they "must establish 'beyond peradventure all of the essential elements of the claim[s or counterclaims.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.)

---

[3]This motion was filed by the LECs with claims pending against Sprint and affiliates MCI Communications Services, Inc. d/b/a Verizon Business and Verizon Select Services Inc.

(quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "This means that [the LECs] must demonstrate that there are no genuine and material fact disputes and that [they are] entitled to summary judgment as a matter of law." *GoForIt Entm't, LLC v. DigiMedia.com L.P.*, 750 F.Supp.2d 712, 722 (N.D. Tex. Oct. 25, 2010) (Fitzwater, C.J.) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). "'The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

A

All LECs move for summary judgment based on the following "factual predicates":

> The LECs have filed enforceable Tariffs for switched access services. The Tariffs require the LECs to collect access charges for the switched access services they provide to IXCs. The IXCs used these LECs' access services to exchange the Subject Calls with the LECs. The terms of the LECs' Tariffs require the LECs to collect the tariffed rates for access charges for the Subject Calls. The IXCs therefore owed these access charges.

LECs's Br. at 3 (citations omitted); *see also* LECs's Level 3 Br. at 3; Minn. Small LECs's Br. at 4. They contend, further, that their tariffs also require the LECs to collect fees or charges if the IXCs's payments for access charges are not made by the deadlines set in the tariffs ("Late Payment Charges"); that the IXCs did not pay the LECs's tariffed access charges by the required deadlines; and that the IXCs therefore owe the Late Payment Charges

as set forth in the tariffs, in the amounts set forth in the tariffs. LECS's Br. at 3-4 (citations omitted); *see also* LECs's Level 3 Br. at 3-4; Minn. Small LECs's Br. at 4-5. Some of the LECs also move for summary judgment on the following additional basis:

> *First*, the LECs' tariffs define the various services that the LECs offer to the IXCs, and set forth all of the terms and conditions, including the rates, that apply to each of those services. *Second*, the only services in the LECs' tariffs that offer the service feature of Feature Group D [("FGD")] trunking—a service feature that the IXCs concede they used to deliver and receive from the LECs the traffic in question—are services that are defined in those tariffs as switched access services. It necessarily follows that the IXCs purchased the LECs' tariffed switched access services to deliver to and receive from the LECs the traffic in question. . . . Accordingly, there is no genuine factual dispute that prevents the Court from finding that (i) the IXCs purchased from the LECs the LECS' tariffed switched access services and used those services to deliver to and receive from the LECs the traffic in question; and (ii) the IXCs did not properly pay all of the LECs' tariffed charges for those switched access services.

LECs's Br. at 4-5 (citations omitted); *see also* LECs's Level 3 Br. at 4-5; Minn. Small LECs's Br. at 5-6.

In response, although the IXCs dispute that they "'used access services' for intraMTA traffic under [the LECs's] tariffs and have to pay access charges," IXCs's Resp. Br. at 2, they agree nonetheless that intraMTA traffic was carried over FGD trunks,[4] and they acknowledge that summary judgment is appropriate on the LECs's claims, while continuing to dispute that

---

[4]The IXCs previously agreed to stipulate to the following fact: "The IXC sent to, or received from, the LEC the telecommunications traffic that is the subject of their disputes (the 'Subject Calls') using the facilities and trunks through which the LEC provides switched access services, including without limitation FGD trunks." IXCs's Br. at 2.

*IntraMTA I* was correctly decided.

B

The court holds that the LECs have established beyond peradventure that the IXCs used the LECs's FGD trunks to send to or receive from the LECs the telecommunications traffic that is the subject of this dispute (the "Subject Calls"). The LECs have also established beyond peradventure that, as a matter of *fact*, by using the LECs's FGD trunks to send or receive the Subject Calls, the IXCs used the LECs's "switched access services," as that term is defined in the LECs's filed tariffs. The LECs are therefore entitled to summary judgment dismissing the IXCs claims against them and awarding them judgment on their claims and counterclaims for the relief they seek under the terms of their tariffs. Because the LECs have established beyond peradventure that they are entitled to judgment on their claims and counterclaims, the court grants the LECs's motions for summary judgment.[5]

---

[5]To the extent that the IXCs contend in their responses that they did not "use[] access services" for intraMTA traffic under the LECs's tariffs and that they do not have pay access charges, IXCs's Br. at 2, the court has already considered and rejected this argument. *See IntraMTA I*, 2015 WL 7252948, at *11 ("Plaintiffs posit that the filed tariff defense is inapposite because the traffic at issue does not involve access services as described in defendants' tariffs, since they are transporting intraMTA traffic, which is not such a service. Because the court has concluded above that the services at issue are subject to access fees, this basis for Plaintiffs' opposition necessarily fails as well."). But nothing in the court's opinion today is intended to abridge in any respect the IXCs's right to challenge on appeal the court's decision in *IntraMTA I*.

IV

In summary, it is undisputed that the LECs's tariffs require them to collect access charges from the IXCs for the Subject Calls. In *IntraMTA I* the court held that the IXCs have failed to establish that the LECs's federal or state tariffs are contrary to federal law or are otherwise unenforceable. *IntraMTA I*, 2015 WL 7252948, at *11, 12. Accordingly, under the filed rate doctrine, the IXCs's challenge to the LECs's tariffs necessarily fails. Because the IXCs owe the LECs the relief they seek under the terms of the LECs's tariffs, the court grants the LECs's motions for summary judgment dismissing the IXCs's claims against the LECs and awarding the LECs judgment on their claims and counterclaims for the relief they seek.

Pursuant to the court's May 1, 2018 order, the parties must file their judgments—in the form and using the procedure set out in the court's February 12, 2018 order—within seven days of the date this memorandum opinion and order is filed.

\* \* \*

For the reasons explained, the LECs's motions for summary judgment are granted, and the parties are ordered to file final judgments within seven days.

**SO ORDERED**.

May 15, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE